### COMMONWEALTH vs. MARGARET ROBERTS.

In a complaint on the Rev. Sts. c. 47, it is a sufficient allegation of a sale, in viola tion of the third section, that the defendant "then and there sold to the complainant spiritous liquor in a less quantity than twenty-eight gallons."

Where a complaint, on the Rev. Sts. c. 47, § 3, alleged that the defendant "sold to the complainant spiritous liquor in a less quantity than twenty-eight gallons, without being first duly licensed as a retailer of wine and spirits, according to law;" it was held, that the latter words did not sufficiently allege, that the defendant was not duly licensed to make the sale complained of.

THE defendant, having been tried and convicted in the court of common pleas, on a complaint originally made and

tried before a justice of the peace, charging her with an unlawful sale of spiritous liquor, moved in that court, in arrest of judgment ; and, her motion being overruled, she appealed to this court.

The complaint alleged, that the defendant " did presume to be a retailer of spiritous liquors, in a quantity less than twenty-eight gallons, and then and there sold to the complainant spiritous liquor in a less quantity than twenty-eight gallons, without being first duly licensed as a retailer of wine and spirits according to law."

The motion in arrest of judgment was predicated on three grounds : 1st, that the complaint set forth no offence ; 2d, that it does not allege that the liquor sold was delivered, taken away, or used about the defendant's premises ; and, 3d, that, for any thing which appears in the complaint, the defendant might have sold the liquor under a license as a victualler or innholder.

*J. C. Wolcott,* for the defendant.

*W. Porter,* district attorney, for the commonwealth.

DEWEY, J.   This complaint is insufficient as charging an offence under the Rev. Sts. *c.* 47, § 1, by which the offence of being a common seller of wine, &c., is created and made punishable.   There is nothing in the complaint to authorize the inference of such charge.   *Comm'th* v. *Stowell,* 9 Met. 569, is decisive on this point.   The question then is, whether the complaint is sufficient as a charge of an offence under the third section of the same chapter.   Rejecting, as we may, the former part of the complaint, as surplusage, the residue contains a direct charge of a sale of spiritous liquors to the complainant, in a less quantity than twenty-eight gallons. This is a sufficient charge of a sale under the third section ; and, if nothing more were requisite, the complaint might be supported under that section, and judgment be rendered against the defendant, as was done in the case of *Comm'th* v. *Leonard,* 8 Met. 530.

But it is urged, that there is no sufficient allegation in the complaint, that the defendant was not duly licensed to make

such sale.   The allegation is, that she was not duly licensed as " a retailer of wine and spirits according to law."   If the complaint, upon the face of it, clearly indicated that it charged a sale of spiritous liquors, in a quantity less than twenty-eight gallons, to be carried away from the place of sale, for future use, so that the charge contained in it was exclusively under the third section, then the introduction of the precise negative words of that section, relative to a license, would be sufficient. But the allegation of a sale is entirely general, and there is nothing in the complaint to indicate whether the sale was of liquor to be drank at the time, or to be carried away.   If the sale were of liquor to be drank on the premises, then it might have been made by the defendant under a license as an innholder, or common victualler ; and there is no allegation in the complaint that the defendant was not licensed as such innholder or common victualler.   This allegation is necessary, unless the more general words are introduced, " that the defendant was not duly licensed therefor," which would negative any license.   *Comm'th* v. *Leonard,* 8 Met. 530. For want of this averment, the complaint is defective, and the judgment must be arrested.